IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TONIA HERVEY,

    Plaintiff,

v.                             Civil Action No. 5:18CV213
                                         (STAMP)
WEIRTON MEDICAL CENTER, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I. Background

This civil action arises out of alleged violations and interference by defendant of plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq. (hereinafter "FMLA"). In her amended complaint (ECF No. 63), plaintiff, Tonia Hervey ("Hervey"), seeks redress for the alleged violation by defendant Weirton Medical Center, Inc. ("WMC"), of the FMLA (Count I) and asserts a claim arising out of an alleged intolerable work environment amounting to constructive discharge (Count II). Further, plaintiff's amended complaint includes a count of equitable estoppel (Count III).

Now pending before the Court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 49. Defendant WMC moves this Court for the entry of summary judgment in its favor with respect to the claims against it in this civil action. ECF No. 50. Plaintiff filed a response in opposition to defendant's motion. ECF No. 59. Defendant then

filed a reply. ECF No. 78.[1] At this time, the defendant's motion is fully briefed and ripe for decision.

Following its review of WMC's fully briefed motion for summary judgment, and the memoranda and exhibits submitted by the parties, this Court finds that, for the reasons set forth below, the defendant's motion for summary judgment is granted as to any FMLA "retaliation" claim plaintiff is attempting to assert in Count I of the amended complaint (ECF No. 63 at 7-8 ¶ 37, ¶ 41) and denied as to plaintiff's interference claim under the FMLA (Count I), plaintiff's constructive discharge claim (Count II), and plaintiff's equitable estoppel count (Count III).[2]

---

[1] This Court, in its previous order granting the plaintiff's motion for leave to file an amended complaint, simultaneously denied the defendant's motion for summary judgment without prejudice to the extent that it related to the plaintiff's original complaint. ECF No. 62. Thereafter, plaintiff filed an amended complaint (ECF No. 63). On November 12, 2019, this Court held a status conference in the above-styled civil action. At the conference, after discussion with the parties as to this issue, counsel for the defendant represented that reviving the defendant's previously filed motion for summary judgment and plaintiff's response in opposition would be the most efficient and acceptable way to expedite the briefing schedule in this matter and fully present the outstanding issues before this Court in the time permitted by the agreed upon condensed scheduling order. Accordingly, the parties, by agreement, jointly stipulated to reinstating the defendant's previous motion for summary judgment (ECF No. 49) with defendant's memorandum in support (ECF No. 50) as well as plaintiff's response in opposition (ECF No. 59).

[2] Additionally, to the extent plaintiff attempts to raise an alternative argument in her response brief that defendant is judicially estopped from arguing plaintiff's "non-eligibility" under the FMLA, this Court finds, under the circumstances presented in this particular case, that plaintiff's judicial estoppel theory fails.

## II. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in

3

favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) ("Summary judgment 'should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.'" (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Supreme Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III. Discussion

In reviewing the supported underlying facts, and viewing all inferences in the light most favorable to the plaintiff, this Court finds that this civil action contains a number of genuine issues of material fact and that the evidence is such that a reasonable trier of fact could return a verdict for the non-moving plaintiff as to her claim for interference with FMLA rights (Count I) and constructive discharge (Count II).

4

An employer is prohibited from discriminating against an employee for engaging or attempting to engage in an activity protected by the FMLA. 29 U.S.C. § 2615(a); 29 C.F.R. § 825.220(c) ("The Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights."). To make out an "interference" claim under the FMLA, an employee must demonstrate that (1) she is entitled to an FMLA benefit; (2) her employer interfered with the provision of that benefit; and (3) that interference caused harm. Adams v. Anne Arundel Cty. Pub. Sch., 789 F.3d 422, 427 (4th Cir. 2015).

Further, although application of the doctrine of equitable estoppel in the context of FMLA cases is not well-settled, it is clear that equitable estoppel "arises when one party has made a misleading representation to another party and the other has reasonably relied to his detriment on that representation." Blankenship v. Buchanan Gen. Hosp., 999 F. Supp. 832, 837 (W.D. Va. 1998) (quoting Bakery and Confectionery Union v. Ralph's Grocery Co., 118 F.3d 1018, 1027 (4th Cir. 1997)).

Here, while defendant admits that plaintiff was eligible for leave under its "more generous" policy, WMC contends that plaintiff is not an "eligible" employee under the FMLA. ECF No. 78 at 11. To the contrary, plaintiff takes the position that she relied on defendant's representations and actions and took job-protected FMLA leave from May 23, 2018 to June 25, 2018 after she provided

5

defendant with all necessary forms and certifications. Plaintiff also notes that WMC did not actually implement the reduction in plaintiff's hours of work from 30 plus hours a week to 20 hours per week, which plaintiff argues had the effect of defeating future eligibility for FMLA while WMC was considering her entitlement to FMLA leave, until plaintiff returned from her first FMLA approved leave. ECF No. 59 at 2.

While defendant argues that plaintiff conflates eligibility under the FMLA with her eligibility under WMC's leave policy, it is this Court's opinion that a determination as to plaintiff's eligibility under the FMLA, in this particular case, must be made by a fact-finder after mutual consideration of plaintiff's equitable estoppel argument and presentation of evidence and testimony by both parties concerning WMC's actions and representations in granting plaintiff leave and plaintiff's reliance on the same.

Recognizing this juxtaposition, this Court finds that the facts of this particular case present a situation in which the defendant's argument concerning plaintiff's eligibility under the FMLA must be counter-balanced and appropriately considered alongside plaintiff's assertion of equitable estoppel in this action. A thorough review of the arguments presented by the parties as to plaintiff's "eligibility" under the FMLA, and a view of the facts supported by the record in a light most favorable to the plaintiff, reveals that there are genuine factual issues that

properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

As to the plaintiff's claim regarding defendant's interference with her FMLA rights, this Court finds that plaintiff presents sufficient evidence in opposing summary judgment that, when viewed in a light most favorable to plaintiff, could lead a reasonable fact-finder to conclude that WMC did interfere with plaintiff's exercise or attempt to exercise her rights under the FMLA by failing to restore plaintiff to the same or an equivalent position of employment held prior to the commencement of her FMLA leave or leaves or by materially altering the terms and conditions of employment prior to the commencement of plaintiff's FMLA leave or leaves.

Accordingly, this Court finds that defendant's motion for summary judgment as to plaintiff's FMLA interference claim asserted in Count I and plaintiff's equitable estoppel claim asserted in Count III must be denied.

As to the plaintiff's claim regarding constructive discharge (Count II), this Court finds that the evidence presented is sufficient to create a triable issue of fact at trial and this claim must be denied at the summary judgment stage.

A constructive discharge occurs when an employer deliberately makes an employee's working conditions intolerable and thereby forces her to quit her job. Bristow v. Daily Press, Inc., 770 F.2d 1251, 1255 (4th Cir. 1985) (citing Holsey v. Armour & Co., 743 F.2d

7

199, 209 (4th Cir. 1984), cert. denied, 470 U.S. 1028, 105 S.Ct. 1395, 84 L.Ed.2d 784 (1985) (quoting J.P. Stevens & Co., Inc. v. NLRB, 461 F.2d 490, 494 (4th Cir. 1972))). In viewing the facts supported by the record in a light most favorable to the plaintiff, this Court finds that genuine issues of material fact remain as to whether or not WMC maintained an unusually adverse work environment or a work environment with intolerable working conditions after plaintiff took FMLA leave.

While this Court does not find that defendant WMC engaged in "retaliatory" conduct, it is this Court's opinion that WMC has failed to meet its burden of showing the absence of any genuine issue of material fact as to the issue raised by plaintiff in her constructive discharge claim that a reasonable employee in plaintiff's position would have felt compelled to resign as the result of the adverse work environment maintained by WMC.

Accordingly, this Court finds that WMC has failed to meet its burden of showing the absence of any genuine issue of material fact, and that plaintiff has sufficiently set forth specific facts, conflicting testimony, and documentary evidence sufficient to create triable issues of fact as to issues concerning plaintiff's reliance on defendant's actions and representations in taking FMLA leave, defendant's alleged interference with plaintiff's FMLA rights, and whether or not a reasonable employee in plaintiff's position would have felt compelled to resign as the result of the adverse work environment maintained by WMC. This Court finds that

these issues of material fact must be settled by a fact-finder. In finding that genuine issues of material fact exist, this Court must deny defendant's motion for summary judgment as a matter of law.

IV. <u>Conclusion</u>

For the reasons stated above, defendant Weirton Medical Center Inc.'s motion for summary judgment (ECF No. 49) is GRANTED as to any Family and Medical Leave Act "retaliation" claim plaintiff is attempting to assert in Count I of the amended complaint and denied as to plaintiff's interference claim under the Family and Medical Leave Act (Count I), constructive discharge claim (Count II), and plaintiff's equitable estoppel count (Count III).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    December 2, 2019

<u>/s/ Frederick P. Stamp, Jr.</u>  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE